IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JASON L. SMITH | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-198 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jason L. Smith, a prisoner confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the calculation of his federal sentence.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent filed a motion to dismiss or, in the alternative, for summary judgment. Petitioner has had an opportunity to file a response. This report and recommendation considers the merits of Respondent's motion.

Procedural History

Petitioner is in custody pursuant to a judgment entered in the United States District Court for the Western District of Tennessee. Beginning on November 5, 2017, Petitioner was arrested multiple times by state law enforcement officers in Shelby County, Tennessee, and then released on bond. On May 8, 2019, Petitioner was arrested in Shelby County, and he remained in state custody. On October 15, 2019, Petitioner was taken into federal custody via a writ of *habeas corpus ad prosequendum*. On July 28, 2020, Petitioner was sentenced in the Western District of Tennessee in

case number 2:19-CR-20275 to a sixty-month term of imprisonment for possession of a firearm in furtherance of a drug trafficking crime. Pursuant to 18 U.S.C. § 924(c), the sentence was required to run consecutively to any other term of imprisonment. Petitioner was returned to state custody on July 31, 2020. Petitioner was paroled from his state sentences on October 18, 2021, and then he was taken into federal custody to begin serving his federal sentence.

After Petitioner was taken into federal custody to serve the federal sentence, the Bureau of Prisons prepared a sentence computation. The Bureau of Prisons determined that Petitioner's federal sentence commenced on October 18, 2021, the date on which he was received into exclusive federal custody. Petitioner received prior custody credit from November 5, 2017, through November 9, 2017; October 8, 2018, through October 9, 2018; October 23, 2018, through October 28, 2018; March 20, 2019, through April 8, 2019; and for October 17, 2021, because that time had not been credited to his state sentences. Petitioner contends that he should also have been granted credit from October 15, 2019, through July 31, 2020, because he was in federal custody pursuant to a writ of *habeas corpus ad prosequendum* during that time.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech. Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech.*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A federal sentence cannot commence prior to the date it is imposed, even if it is ordered to run concurrently with a previously-imposed sentence. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

A defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins. The statute provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or

>    (2)  as a result of any other charge for which the defendant was arrested after   the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  The statute authorizes credit only for time that has not been credited toward another sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Wilson*, 503 U.S. at 333-34; *Leal,* 341 F.3d at 428.

The Bureau of Prisons correctly concluded that Petitioner's sentence commenced on the date he was taken into exclusive federal custody to begin serving his federal sentence, with credit for days that were not credited toward Petitioner's state sentences.  Because the remainder of the time he spent in custody between his arrest on state charges and the date he was paroled from his state sentences was credited toward his state sentences, he is not entitled to also have the time credited toward his federal sentence.  *See United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983).  In addition, Petitioner is not entitled to credit for the time he spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, because it was credited toward his state sentences.  *Lopez v. Jeter*, No. 05-10240, 170 F. App'x 894, at *1 (5th Cir. 2006), citing *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

Petitioner claims that the court awarded him pre-sentence credit during the sentencing hearing by saying "you've already got almost a year in," when  discussing Petitioner's request to be assigned to a facility near Memphis.  This comment was not an award of credit.  The judgment itself did not reflect that Petitioner was awarded pre-sentence credit, nor does the court have the authority

to award credit at sentencing. *See United States v. Aparicio*, 963 F. 3d 470, 477 (5th Cir. 2020) ("Despite the court's colloquy about potential credit for time served, neither the court's oral pronouncement of the sentence nor its written judgment impermissibly attmpted to award Aparicio credit for time served or to determine the commencement date of the sentence."). "The BOP, not the district court, is empowered to calculate 18 U.S.C. § 3585(b) credits after the prisoner begins his sentence." *Id*. at 478.

The competent summary judgment evidence shows that the Bureau of Prisons properly calculated Petitioner's federal sentence. Because Petitioner is not entitled to habeas relief, Respondent's motion for summary judgment should be granted.

## Recommendation

Respondent's motion for summary judgment should be granted, and the petition for writ of habeas corpus should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 20th day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge